

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2010

# Wanda Gass v. DYFS Workers

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Wanda Gass v. DYFS Workers" (2010). *2010 Decisions.* Paper 1701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3737
_____

WANDA HUSSEIN GASS,

                                        Appellant
                    v.

DYFS WORKERS; JABAR MOORE; KAY BADRU;
JOSEPH ADEDOKUN; STEPHANIE SHRETER, OFFICE
OF LAW GUARDIAN ATTORNEY; ERIC FOLEY,
OFFICE OF ATTORNEYGENERAL, ATTORNEY;
ANDREA FONSECA-ROMAN, OFFICE OF ATTORNEY
GENERAL,  ATTORNEY; ANGELA DOMAN, OFFICE OF
ATTORNEY GENERAL, ATTORNEY; ALBERTO
ALFONSO, OFFICE OF PUBLIC DEFENDER;
HONORABLE OCTAVIA MELENDEZ, SUPERIOR
COURT JUDGE

                _____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1:09-cv-00928)
District Judge:  Honorable Noel L. Hillman

                _____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2010
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit Judges</u>

Opinion filed : March 17, 2010

1

_____

OPINION
_____

PER CURIAM.

In March 2009, Appellant Wanda Gass filed a pro se complaint in the

District Court against New Jersey Division of Youth and Family Services ("DYFS")

caseworkers, attorneys from the New Jersey Attorney General's and Public Defender's

offices, and a New Jersey Superior Court judge. The complaint, alleging that the

defendants conspired to harass her and keep her separated from two minors whom she

claimed are her children, sought $500,000 in damages. Although the complaint did not

name DYFS as a defendant, the summons was addressed to, and apparently served upon,

that entity.

After obtaining a court-ordered extension of time to respond to the

complaint, DYFS moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On September

3, 2009, the District Court entered an order granting the motion. The court, construing

the action as proceeding under 42 U.S.C. § 1983,[1] held that the complaint violated Fed. R.

Civ. P. 8(a)'s pleading requirements because it "provides defendants with no indication of

_____

[1] The court, noting that Gass had seemingly attempted to proceed pursuant to several criminal statutes (18 U.S.C. §§ 241, 242, and 245), concluded that § 1983 was "the proper vehicle for bringing her civil constitutional violation claims." (Dist. Ct. Op. at 2 n.2.)

2

which constitutional rights they have allegedly violated." (Dist. Ct. Op. at 5.) The court concluded that amending the complaint would be futile, as Gass could not recover money damages against DYFS or the named defendants. The court noted that, to the extent Gass sought to challenge New Jersey state court orders regarding custody of the two minors, the <u>Rooker-Feldman</u> doctrine barred any such claim. Moreover, the court stated that the Anti-Injunction Act, 28 U.S.C. § 2283, barred it from intervening in state court proceedings. Gass now appeals from the District Court's judgment.[2]

For substantially the reasons set forth in the District Court's thorough and cogent opinion, we find no error in the court's decision granting DYFS's motion to dismiss. Contrary to Gass's assertion, the District Court did not base its decision on "undocumented statements" or hearsay. Her remaining arguments fail as well.[3] Accordingly, we will affirm the District Court's judgment. Gass's motion to expand the record is denied.

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting DYFS's motion to dismiss. See <u>AT&T Corp. v. JMC Telecom, LLC</u>, 470 F.3d 525, 530 (3d Cir. 2006).

[3] Gass has not shown that the District Court abused its discretion in granting DYFS's motion for an extension of time to respond to her complaint. See <u>Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.</u>, 297 F.3d 253, 259 (3d Cir. 2002).